UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KARIM ABDUL MUSTAFA,

    Petitioner,

v.                                                         Case No. 5:05-cv-479-Oc-10GRJ

WARDEN, FCC COLEMAN - USP,

    Respondent.
_____

## ORDER DISMISSING PETITION

Petitioner Karim Abdul Mustafa, a/k/a Joseph Nathaniel Brown, Jr., initiated this case by filing a pleading construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and is proceeding pursuant to an Amended Petition (Doc. 6). Petitioner seeks release from custody on the ground that the United States military court-martial that entered the conviction underlying his incarceration lacked subject matter jurisdiction because Petitioner is a foreign citizen and his crimes occurred on foreign soil. The Respondent has filed a response contending that the Petition is due to be dismissed because Petitioner did not exhaust all available remedies before seeking relief in this Court. Doc. 15. For the following reasons, the Court agrees that the Petition must be dismissed.[1]

## Background and Petitioner's Claims

It is undisputed that Petitioner is a former enlisted serviceman with the United

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

States Army. In 1982, Petitioner was convicted by a military court-martial in Wuerzburg, Germany, of murder, rape, sodomy, assault, battery, and unlawful entry, and sentenced to death. On direct review by the U.S. Army Court of Military Review, Petitioner's death sentence was commuted to a sentence of life imprisonment. In 1986, the Court of Military Appeals affirmed Petitioner's conviction and life sentence. Petitioner has been denied parole. See Resp. Exh. 1, 2.

Petitioner's claims are enumerated under four separate grounds for relief, but the same basic allegation underlies his claims. See Doc. 6. Petitioner contends that as a citizen of Jamaica who has had United States citizenship "forced" on him, and because his crimes took place in Germany, the United States military had no jurisdiction to try and convict him, notwithstanding his voluntary entry into military service. For relief, Petitioner seeks to have his United States citizenship "removed," Petitioner requests a deportation hearing, and Petitioner requests that the Court order the Army to show cause as to why he should not be deported to Jamaica.

Respondent contends that the Petition should be dismissed because Petitioner failed to present his claims to the military courts before seeking relief in this Court. Petitioner states that he filed a § 2241 petition with the Secretary of the Army, but has received no response. The copy of that petition submitted by Petitioner as an exhibit to his reply reflects that he signed the petition in January 2006, after this case was filed. See Doc. 19, Exh. A. Further, Petitioner has offered no proof that the Petition was in fact submitted to any appropriate military court for

review.

Although federal district courts have jurisdiction over habeas corpus petitions brought by persons in confinement by the military, principles of comity direct that before entertaining such an application the court will require a petitioner to exhaust all remedies available in the military justice system. See United States ex rel. Berry v. Commanding General, 411 F2d 822, 824 (5th Cir. 1969). This is particularly important given the narrow scope of review and deference afforded to military court-martial convictions. "'In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings or the fair determinations of the military tribunals after all military remedies have been exhausted.'" Calley v. Callaway, 519 F.2d 184, 202 (5th Cir. 1975) (quoting Burns v. Wilson, 346 U.S. 137, 142 (1953)) (emphasis added). Petitioner does not dispute Respondent's assertion that the Army Court of Criminal Appeals and the Court of Appeals of the Armed Forces have the authority to review Petitioner's post-conviction claims. See Burns, 346 U.S. at 142 (Congress has provided a military system of review, including post conviction remedies whereby one convicted by a court-martial may colatterally attack the judgment of conviction). Because it is clear that Petitioner failed to avail himself of such remedies before filing the instant Petition, the Court concludes that the Petition should be dismissed.

Moreover, even if the Petition were not subject to dismissal for failure to

exhaust military remedies, the Court agrees that Petitioner's claims present no basis for federal habeas corpus relief. The Response and exhibits appended thereto reflect that Petitioner was a lawful permanent resident alien at the time of his enlistment in 1979, eligible for Army enlistment pursuant to statute and Army regulation. See Doc. 15, Exh. 3, 6; 10 U.S.C. § 3253 (1968). Petitioner provides no cogent argument or authority that would support a conclusion that he was not a validly-enlisted member of the United States Army. See Doc. 19. As an Army enlistee, Petitioner plainly was subject to military court-martial jurisdiction pursuant to the Uniform Code of Military Justice. See 10 U.S.C. § 802(c) ("Notwithstanding any other provision of law, a person serving with an armed force who (1) submitted voluntarily to army authority . . . (3) received military pay and allowances; and (4) performed military duties . . . is subject to this chapter[.]"

## Conclusion

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of March 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Karim Abdul Mustafa
   Counsel of Record